CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 29 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANTHONY DUANE STANFIELD, )
)
Petitioner, ) Case No. 7:09CV00240
)
v. )
) MEMORANDUM OPINION
)
GENE M. JOHNSON, ) By: Glen E. Conrad
) United States District Judge
Respondent. )

Petitioner Anthony Duane Stanfield, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Stanfield challenges the validity of his confinement pursuant to the 2006 judgment of the Circuit Court for the City of Danville under which he stands convicted of two counts of distribution of cocaine and driving offenses. Respondent filed a motion to dismiss. The court notified the petitioner of the respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and warned plaintiff that judgment might be granted for the respondent if petitioner did not respond to the motion by filing affidavits or other documents contradicting or otherwise explaining respondent's evidence and argument. Stanfield has not responded; however, the time allotted by the court for his response has expired, making this action ripe for the court's consideration. Upon review of the record, the court finds that the motion to dismiss must be granted.

## Background

Following a bench trial, the Circuit Court for the City of Danville found Anthony Duane Stanfield guilty of the following offenses: two counts of distribution of cocaine, fourth offense; driving under the influence, second offense; and driving on a suspended operator's license.[1] As reflected in the final judgment entered on February 7, 2006, the court sentenced Stanfield to

---

[1] The court also found Stanfield guilty of driving with an expired inspection sticker; however, at the sentencing hearing, the trial court dismissed this charge.

twenty years in prison and twenty-four months in jail, with fourteen years, twenty-two months and forty days suspended for a period of ten years. (Case Nos. CR05-998, CR05-999, CR05-773, CR05-774, CR05-775.)

Stanfield appealed the two convictions for distribution of cocaine, fourth offense, challenging the sufficiency of the evidence. The Court of Appeals of Virginia denied the petition for appeal on August 30, 2006. (Record No. 0210-06-3.) The Court of Appeals summarized the evidence against Stanfield as follows:

> Joel Barbour, a convicted felon, worked with the police making drug purchases. Barbour testified that on November 9, 2004, he met with Detective Chaney, who searched Barbour and gave him twenty dollars. Barbour then walked to a car wash where he encountered [Stanfield]. Barbour told [Stanfield] he would "like to get a twenty." Barbour stated that [Stanfield] walked across the street to an apartment, which he entered. [Stanfield] exited the apartment and gave Barbour a piece of rock cocaine in exchange for twenty dollars. Just after the exchange, Barbour gave the cocaine to Chaney. Chaney testified he was watching Barbour from a nearby location on November 9, 2004. Chaney stated he saw [Stanfield] and Barbour talk. [Stanfield] then entered the apartment building and handed something to Barbour when he returned.
>
> Barbour testified that on November 18, 2004, he again met with Chaney who searched Barbour and gave him twenty dollars. Barbour then encountered Antonio Ballard on South Main Street. Barbour told Ballard he wanted "a twenty." Barbour stated Ballard looked toward [Stanfield], who was at the car wash, and Ballard made a motion. Barbour testified [Stanfield] walked across the street to the apartment, then he approached Barbour and gave him cocaine in exchange for the twenty dollars. Barbour gave the cocaine to Chaney just after the exchange. Chaney also testified that on November 18, 2004, he saw [Stanfield] hand an "item" to Barbour.
>
> Video recordings of the incidents were played for the trial court.

(Order 1-2, Aug. 30, 2006.) By order entered November 16, 2006, a three-judge panel denied the appeal for the reasons stated in the Court's August 30, 2006 order. The Supreme Court of Virginia denied Stanfield's subsequent appeal and petition for rehearing in the fall of 2007. (Record No. 070940.)

Stanfield, proceeding pro se, filed a petition for a writ of habeas corpus in the Supreme Court of Virginia in August 2008, alleging several substantive errors and instances of ineffective

assistance of counsel. By order entered March 9, 2009, the Supreme Court of Virginia dismissed the petition. (Record No. 081708.)

In his current, timely filed federal habeas petition, Stanfield alleges the following grounds for relief:[2]

1. Counsel provided ineffective assistance:

   a. By failing to move for exclusion of petitioner's prior convictions; and

   b. By failing to present a potential line of defense;

1(c). The Commonwealth knowingly used perjured testimony to obtain petitioner's conviction; and

2(a). The Commonwealth suppressed favorable impeachment evidence.

## Discussion

### A. Exhaustion and Procedural Default

"A federal court may not grant a writ of habeas corpus to petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The respondent concedes that Stanfield exhausted his state court remedies as to Claims 1(a), 1(b), and 1(c) by presenting these claims to the Supreme Court of Virginia in his state habeas petition. To the extent that Stanfield intends to allege the same error in Claim 2(a) that he alleged in state habeas claim (2)(B), the federal claim is exhausted. To the extent that his federal Claim 2(a) differs from his state habeas claim, it is nevertheless "exhausted," because he has no state court remedy now available to him. See § 2254(b)(1)(B); Virginia Code Ann. § 8.01-654(A)(2) (habeas statute of limitations) and § 8.01-654(B)(2) (rule against successive habeas petitions).

---

[2] For ease of reference, the court will use the number designations that Stanfield assigns to his federal claims.

- 3 -

### 1. Procedural Default of Claim 1(c)

Even where petitioner has presented his claims to the highest state court, federal review of his § 2254 claims may be barred because petitioner has defaulted some state procedural rule. A federal habeas court may not review constitutional claims after a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule, absent a showing of cause for the default and resulting prejudice or miscarriage of justice. See Harris v. Reed, 489 U.S. 255, 262 (1989).

In Claim 1(c), Stanfield alleges that the prosecutor knowingly elicited perjured testimony from Detective Chaney. Cheney testified that he gave Barbour money to buy cocaine from Stanfield and then witnessed an exchange between Barbour and Stanfield. When the prosecutor played video recordings of the transactions during trial, however, Cheney could not identify Stanfield and admitted that he did not actually see the transactions occur. Stanfield argues, as he did in state court, that because Cheney's testimony was inconsistent with the video recording, the prosecutor knew the testimony was perjured, but did nothing to correct it and continued to question Cheney further about the transactions.

The Supreme Court of Virginia dismissed this claim (state habeas claim (2)(A)) in express reliance on the procedural default rule in Slayton v. Parrigan 205 S.E.2d 680, 682 (1974) (finding that prisoner "is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction"). The United States Court of Appeals for the Fourth Circuit has "repeatedly recognized that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (internal quotations omitted). Thus, federal habeas review of Claim 1(c) is barred, absent a showing of cause and prejudice or miscarriage of justice. Harris, 489 U.S. at 262. As Stanfield makes no such showing, the court must grant the motion to dismiss as to Claim 1(c).

## 2. Procedural Default of Claim 2(a)

In this claim, as in his initial state habeas claim (2)(B), Stanfield alleges that the Commonwealth suppressed favorable impeachment evidence, but does not state what this evidence was and admits that he has no proof. In a supplement to his state petition, Stanfield stated his belief that the Commonwealth had failed to disclose its agreement to give Barbour favorable treatment on his pending sentencing and probation revocation hearings in exchange for his testimony against Stanfield. Stanfield pointed to Barbour's testimony regarding his hope that if his testimony was helpful to the prosecution, the Commonwealth might give him a break in criminal proceedings pending against him. Stanfield sought discovery to obtain evidence in support of his state court claim. The Supreme Court of Virginia found state habeas claim (2)(B) to be procedurally defaulted under Slayton, because Stanfield could have pursued the issue during direct appeal proceedings, denied the request for discovery, and dismissed the claim.

To the extent that Stanfield's federal Claim 2(a) is the same as state habeas claim (2)(B), regarding Barbour's alleged agreement with the prosecution for a sentencing break, the claim is barred from federal habeas review by the Supreme Court of Virginia's finding of procedural default under Slayton, absent a showing of cause and prejudice or miscarriage of justice. Harris, 489 U.S. at 262. Stanfield fails to show cause for failing to state the full allegations of Claim 2(a) in his federal petition and makes no showing of actual innocence.

To the extent that Stanfield intended the federal claim to allege the prosecution failed to disclose some other piece of favorable impeachment evidence, this unexhausted claim is also procedurally barred from federal review. Stanfield failed to present this claim to the Supreme Court of Virginia, and if he did so now, the state court would find the claim procedurally defaulted under § 8.01-654(A)(2), because so much time has passed since his conviction became final, or under § 8.01-654(B)(2), because he knew the facts of the claim at the time of his first state habeas petition. Because Stanfield shows neither cause and prejudice nor a miscarriage of justice to circumvent his default, the court must dismiss his federal claim as procedurally barred.

See Teague v. Lane, 489 U.S. 288, 297-98 (1989); Bassette v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1990).

For the stated reasons, the court finds that Claims 1(c) and 2(a) are procedurally barred from federal habeas review. Accordingly, as to these claims, the motion to dismiss will be granted.

### B. Ineffective Assistance of Counsel

Because the Supreme Court of Virginia adjudicated Stanfield's ineffective assistance claims on the merits, this court may not grant habeas relief except upon finding that the state court's

> adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Where, as here, it is the state court's application of governing federal law that is challenged, the decision must be shown to be not only erroneous, but objectively unreasonable." Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009) (internal quotations and citations omitted).

To prove that counsel's representation was so defective as to require that the conviction be vacated, petitioner must satisfy both prongs of a two-part standard by demonstrating that counsel's defective performance resulted in prejudice. Strickland, 466 U.S. at 687. First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. To do so, petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotations omitted). Counsel has no constitutional duty to raise every non-frivolous issue or argument requested by defendant. Jones v. Barnes, 463 U.S. 745, 754 (1983). Second, to show prejudice, the petitioner must demonstrate a "reasonable probability" that, but for counsel's errors, the outcome would have been different. Id. at 694-95. If it is clear that

petitioner has not satisfied one prong of the Strickland test, the court need not inquire whether he has satisfied the other prong. Id. at 697.

### 1. Information about Prior Convictions

In Claim 1(a), Stanfield argues that counsel was ineffective in failing to object to the introduction of certified copies of Stanfield's three prior convictions for possession of cocaine with intent to distribute. Stanfield argues that admission of this information was improper and prejudicial, because his credibility was not at issue, the information was not necessary to prove any element of the crimes charged, and it suggested that he had a propensity to commit such crimes. The Supreme Court of Virginia rejected this claim during state habeas proceedings, finding that it failed to satisfy either prong under Strickland:

> The record, including the indictments, trial transcripts and sentencing orders, demonstrates that petitioner was charged with distribution of cocaine as a fourth offense, and proof of petitioner's prior convictions was admissible to prove an element of the crime charged. Counsel therefore had no reasonable basis upon which to object to the admission of the evidence. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(Order 2, Mar. 9, 2009.)

The court agrees that the prior convictions were admissible as proof of an element of the charge that Stanfield had committed a fourth offense of distribution of cocaine. Thus, counsel had no reasonable basis on which to object to introduction of the prior convictions.[3] As Stanfield fails to demonstrate that the Supreme Court of Virginia's disposition of this claim was either contrary to, or involved an unreasonable application of, federal law, or was based on an unreasonable determination of the facts, the court must grant the motion to dismiss as to claim 1(a), pursuant to § 2254(d).

---

[3] Counsel's affidavit offered during state habeas proceedings also points out that "admission of the prior convictions could not have been as prejudicial as Mr. Stanfield alleges because the judge found him not guilty" of two firearms charges and one charge of distribution of cocaine.

- 7 -

## 2. Inconsistent Witness Statements

In Claim 1(b), Stanfield faults counsel for failing to impeach the credibility of Commonwealth's witness Joel Barbour by questioning him about prior inconsistent statements he had made. When questioned by police, Barbour stated that he did not know Stanfield, whom he referred to as the "black male" or the "other guy" who sold him drugs. Yet, Barbour identified by name two other individuals involved in the transactions. During direct examination at trial, however, Barbour admitted that at the time of the drug transactions at issue, he had known Stanfield for about a year. Stanfield argues that counsel's failure to question Barbour about his inconsistent statements allowed Barbour's trial testimony to go unimpeached.

The Supreme Court of Virginia dismissed this claim on state habeas review, finding that it did not satisfy either the performance or the prejudice prong under Strickland:

> The record, including the trial transcript and the affidavit of counsel, demonstrates that counsel attacked Barbour's credibility by showing bias and his prior convictions. Counsel also focused on the discrepancies between the video recordings of the transactions and the testimony of both Barbour and [Detective Jerry] Chaney, as well as inconsistencies between Barbour's written statements and trial testimony. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(Order 3, Mar. 9, 2009.) The court cannot find that this disposition of Claim 1(b) was contrary to, or an unreasonable application, of Strickland, or that it was based on an unreasonable determination of the facts. Counsel's affidavit points out that the trial judge had already heard evidence during trial that after each of the charged drug transactions, Barbour had identified Stanfield from a photo array. As such, counsel did not believe that questioning Barbour about his initial failure to identify Stanfield for police would discredit Barbour's testimony sufficiently to make any difference in the outcome. Instead, as the Supreme Court of Virginia noted, counsel focused on the discrepancies between the video tapes of the transactions themselves and the testimony of both Barbour and Cheney. Under the circumstances, the court cannot find that this trial strategy was unreasonable or prejudicial. Strickland, 466 U.S. at 690 (noting that counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options

are virtually unchallengeable"). The court will, therefore, grant the motion to dismiss as to Claim 1(b), pursuant to § 2254(d).

## Conclusion

For the stated reasons, the court concludes that the motion to dismiss must be granted in its entirety. Claims 1(c) and 2(a) are procedurally barred from federal habeas review, and the state court's disposition of Claims 1(a) and 1(b) was not unreasonable. An appropriate order will enter this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 29th day of October, 2009.

_____
United States District Judge